UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN M. RODRIGUEZ BELTRAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>TERRAFORM GLOBAL, INC., et al.,<br><br>        Defendants. | Case No.  15-cv-04981-BLF<br><br>[RE:  ECF 26, 28, 71] |
| PYRAMID HOLDINGS, INC., Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>TERRAFORM GLOBAL, INC., et al.,<br><br>        Defendants. | Case No.  15-cv-05068-BLF<br><br>[RE:  ECF 6]<br><br>**ORDER GRANTING PYRAMID'S MOTION TO CONDUCT LIMITED DISCOVERY; AND SUBMITTING MOTIONS TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |

Two institutional investors – The Furia Investment Fund and Pyramid Holdings, Inc. – seek appointment as Lead Plaintiff, and appointment of their attorneys as Lead Counsel, in these two related actions alleging violations of the Securities Act of 1933. Based upon the record evidence, the Court concludes that Furia suffered the largest financial loss and that Furia is the presumptive lead plaintiff under relevant statutory and case authority. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-32 (9th Cir. 2002) (addressing identical lead

1    plaintiff provisions of the Securities Exchange Act of 1934).  Pyramid argues that the statutory

2    presumption is rebutted by evidence that Furia has a conflict of interest that calls into question

3    Furia's ability to satisfy the adequacy and typicality requirements of Federal Rule of Civil

4    Procedure 23.  Pyramid also questions whether Furia would litigate this action vigorously against

5    Defendant BTG Pactual US given the longstanding relationship between Furia's principal,

6    Emmanuel Hermann, and BTG Pactual Brazil, an entity that is closely related to Defendant BTG

7    Pactual US.  If the Court is not satisfied that the presumption is rebutted based upon the current

8    record, Pyramid requests that it be granted leave to take limited discovery regarding the

9    relationships between Furia, Hermann, and the BTG entities.

10          While Pyramid's evidence is insufficient to establish that Furia would be an inadequate or

11   atypical class representative, Pyramid has raised substantial questions regarding those issues.

12   When a plaintiff in a securities action "demonstrates a reasonable basis for a finding that the

13   presumptively most adequate plaintiff is incapable of adequately representing the class," the Court

14   may authorize discovery relating to the question of adequacy.  15 U.S.C. § 77z-1(a)(3)(B)(iv).  For

15   the reasons stated on the record at the hearing, the Court concludes that limited discovery is

16   warranted in this case.  However, the scope of discovery suggested by Pyramid is far too broad.

17          Accordingly, IT IS HEREBY ORDERED that:

18   (1)    Pyramid's motion to take limited discovery is GRANTED;

19   (2)    Counsel for Furia and Pyramid shall meet and confer on the scope and timing of
20          discovery and Pyramid shall submit a modified proposed discovery plan to the
21          Court on or before April 21, 2016.  The modified proposed discovery plan shall
22          include a timetable for production of documents and deposition of Mr. Hermann
23          that will result in completion of the contemplated discovery within sixty days.

24   (3)    If there are any aspects of the discovery plan as to which the parties cannot reach
25          agreement, the parties shall address those issues in simultaneous briefs, not to
26          exceed five pages each, submitted in conjunction with the modified proposed
27          discovery plan.

28

(4) On or before April 21, 2016, the parties also shall submit a proposed schedule for providing supplemental briefs, not to exceed ten pages each, on the Lead Plaintiff/Lead Counsel motions. Upon completion of the supplemental briefing, the Lead Plaintiff/Lead Counsel motions will be submitted without further oral argument unless the parties are notified otherwise by the Court.

Dated: April 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge