UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SUNEDISON, INC.<br>SECURITIES LITIGATION<br><br>This Document Applies to:<br><br>*In re TerraForm Global, Inc. Securities Litigation,*<br>No. 1:16-cv-07967-PKC, and consolidated cases | No. 1:16-md-02742-PKC |

[PROPOSED] ORDER AND FINAL JUDGMENT

On the 25th day of February 2020, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 14, 2017 (the "Stipulation") as modified by the Settlement Modification Agreement dated September 19, 2019 (the "Settlement Modification Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants, including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, dated December 19, 2017 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and the Notice, the Preliminary Approval Order, the Stipulation and the exhibits thereto, were posted to the website the Claims Administrator created and maintains for this Settlement, in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Supplemental Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion to Approve Modifications to the

1

Class Action Settlement and to Provide Supplemental Notice (the "Settlement Modification Order") was mailed to all Purported Claimants and the Supplemental Notice, the Settlement Modification Agreement, and the exhibits thereto, and the Settlement Modification Order were posted to the website the Claims Administrator created and maintains for this Settlement, in accordance with the Settlement Modification Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, as modified by the Settlement Modification Agreement, and in the Settlement Modification Agreement, and all capitalized terms used herein shall have the same meanings as set forth therein. References to the Settlement and Stipulation mean the Settlement and Stipulation as modified by the Settlement Modification Agreement.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

    i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

    ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

    iii. the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv. the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or acquired the Common Stock of Terraform Global, Inc. ("Global") pursuant to or traceable to the Form S-1 Registration Statement as amended, that became effective on July 31, 2015, without limitation as to time, except that excluded from the Settlement Class are: (i) Defendants and their respective successors and assigns; (ii) past and current officers and directors of Global, SunEdison, Inc. ("SunEdison"), and the Underwriter Defendants; (iii) blood relatives and household members of any Individual Defendant; (iv) the

legal representatives, heirs, successors or assigns of the Individual Defendants; (v) any entity in which any of the above excluded Persons have or have had a majority ownership interest; (vi) Opt-Outs; (vii) Persons who have no compensable damages; and (viii) all current or former Global shareholders who had litigation pending against Global in the SunEdison Action as of October 31, 2017, including but not limited to the Individual Actions.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Plaintiffs' Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6. In accordance with the Court's Preliminary Approval Order and the Settlement Modification Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions, and Purported Claimants of its modifications, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the

notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those who have requested exclusion, which Opt-Outs are listed in Exhibit 1 hereto.

7. The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Stipulation, as modified by the Settlement Modification Agreement, is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, as modified by the Settlement Modification Agreement.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Defendants and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. All Administrative Costs as defined in the Stipulation as modified by the Settlement Modification Agreement, shall be paid from the Settlement Fund as set forth in the Stipulation. In the event the Settlement is not consummated, or otherwise fails to become effective, neither the Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

10. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without

limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation, the Settlement Modification Agreement, or this Order and Final Judgment. For the avoidance of doubt, "Released Claims" does not include any claims arising out of the purchase, acquisition, holding, sale, or disposition of SunEdison common stock or preferred stock.

11.  Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12.  To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties

seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; provided, however, that nothing herein shall release, bar or alter the contractual rights, if any, under the terms of any written agreement (i) between or among the Underwriter Defendants, or (ii) between the Underwriter Defendants on the one hand, and Global or any of its Related Parties, on the other hand.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

14. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

15. Neither this Order and Final Judgment, the Stipulation, the Settlement Modification Agreement (nor the Settlement contained therein), nor any of their terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any

fact alleged by the Class Representatives, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, the Released Parties, or each or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or shall be used, offered or received against the Settling Parties, Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Class Representatives' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation, as modified by the Settlement Modification Agreement, represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

16. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

17. Except as otherwise provided herein or in the Stipulation, as modified by the Settlement Modification Agreement, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation, as modified by the Settlement Modification Agreement, and/or further order of the Court.

18. Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, as modified by the Settlement Modification Agreement, and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

19. Without further order of the Court, Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation, as modified by the Settlement Modification Agreement.

20. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsels' application for an award of attorneys' fees and expenses or an award to the Class Representatives.

21. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, as modified by the Settlement Modification Agreement, then the Settlement Modification Agreement and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Modification Agreement or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person for any purpose against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to July 1, 2019, pursuant to the terms of the Settlement Modification Agreement, and they shall proceed in all respects as if the Settlement Modification Agreement had not been executed and related orders or judgments had not been entered (including, without limitation, this Final Judgment, with each to be deemed following such termination as vacated, *nunc pro tunc*), and in the event of such termination all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in accordance with the terms of the Settlement Modification Agreement.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: 2-25, 2020

SO ORDERED:

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

# Exhibit 1

# List of Persons and Entities Excluded from the Settlement Class Pursuant to Request

Atlas Master Fund, Ltd

Atlas Enhanced Master Fund, Ltd (f/k/a Atlas Leveraged Master Fund, Ltd.)

Atlas Fundamental Trading Master Fund, Ltd.

Atlas Quantitative Trading Fund, Ltd.

Luxor Capital Partners, LP

Luxor Capital Partners Offshore Master Fund, LP

Luxor Wavefront, LP

Thebes Offshore Master Fund, LP