**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUNEDISON, INC. SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>*In re TerraForm Global, Inc. Securities Litigation*, No. 1:16-cv-07967-PKC, and consolidated cases | No. 1:16-md-02742 (PKC) |

**[PROPOSED] ORDER AUTHORIZING**
**DISTRIBUTION OF THE NET SETTLEMENT FUND**

WHEREAS, by its Order dated February 25, 2020 (ECF No. 708), the Court approved the terms of the Stipulation and Agreement of Settlement filed with the Court on December 15, 2017, as modified by the Settlement Modification Agreement dated September 19, 2019, and the Plan of Allocation, as set forth in the Notice, for distributing the Net Settlement Fund to Settlement Class Members deemed to be Authorized Claimants;[1] and

WHEREAS, as set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the deadline for Settlement Class Members to submit Proof of Claim and Release

---

[1] Unless otherwise defined herein, all capitalized terms used herein have the meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court (ECF No. 265), as modified by the Settlement Modification Agreement dated September 19, 2019 (ECF No. 659-1), or as set forth in the Settlement Modification Agreement or in the Notice (defined below) (ECF No. 315-1, Exhibit A). Unless stated otherwise, references to "ECF No." are to the docket for *In re: SunEdison, Inc. Sec. Litig.*, No. 1:16-md-02742 (PKC) (S.D.N.Y.).


Case 1:16-cv-07967-PKC Document 264 Filed 09/27/21 Page 2 of 6
Case 1:16-cv-07967-PKC Document 261-1 Filed 09/10/21 Page 2 of 6

Forms ("Proofs of Claim") to the Claims Administrator for the Settlement, Epiq ("Epiq" or the "Claims Administrator"), in order to participate in the distribution of the Net Settlement Fund was April 13, 2018, which is extended to August 1, 2021; and

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency or ineligibility; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Net Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order; and

WHEREAS, the Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing of: (1) the Memorandum of Law in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund; (2) the Declaration of Lawrence D. Levit in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund, which includes as an exhibit the Declaration of Jordan Broker in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund (the "Broker Decl.") and the exhibits attached thereto; and (3) upon all prior proceedings heretofore, and after due deliberation,


2

IT IS HEREBY ORDERED that:

1. All terms used in this Order shall have the same meanings as defined in the Stipulation, the Settlement Modification Agreement, the Notice or the Broker Decl.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED. Accordingly:

(a) The administrative determinations of the Court-appointed Claims Administrator to accept the timely submitted eligible claims as set forth in Exhibit B-1 to the Broker Decl. and the late but otherwise eligible claims, as set forth in Exhibit B-2 to the Broker Decl., are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible claims, as stated in Exhibit B-3 to the Broker Decl., are adopted;

(c) Epiq is directed to conduct an initial distribution of the Net Settlement Fund as calculated under the Plan of Allocation, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a reserve for any tax liability and claims administration-related contingencies that may arise;

(d) In order to encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, all distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED WITHIN 120 DAYS AFTER ISSUE DATE." The Claims Administrator is authorized to take appropriate action to locate and/or contact any Authorized

Claimant who initially fail to cash their distribution checks. Authorized Claimants who do not cash their initial distribution checks within the time allotted, or any re-issued check within the time allotted, will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all stale-dated checks will be available to be redistributed to other Authorized Claimants in a redistribution. Authorized Claimants who do not cash any subsequent distribution check within the time allotted for such checks to be cashed will irrevocably forfeit any further recovery from the Net Settlement Fund;

(e) After the Claims Administrator has made reasonable and diligent efforts to locate and/or contact Authorized Claimants and encourage them to cash their distribution checks, (a) any balance remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, no less than six (6) months after the initial distribution will be redistributed to Authorized Claimants who have cashed their distribution checks and who would receive at least $20.00 from such redistribution, in the same manner consistent with the Plan of Allocation if, after consulting with Lead Counsel, a redistribution is deemed feasible after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, and (b) if a redistribution of the Net Settlement Fund is deemed not to be feasible or if a redistribution occurs and, six months after such redistribution, funds remain in the Net Settlement Fund, then such remaining funds, after payment of any further notice and administration expenses and taxes, shall be donated among the following organizations: Citymeals-on-Wheels, the Legal Aid Society of New York City and St. John's University School of Law's Securities Arbitration Clinic;

(f) The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons who were or who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim filed in this Action, or who

4

were or who are otherwise involved in the administration, taxation or distribution of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, beyond the amount allocated to Authorized Claimants;

(g) Payments to Authorized Claimants by the Claims Administrator pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Lead Plaintiff, Lead Counsel or the Claims Administrator based upon disbursements or determinations made substantially in accordance with the Plan of Allocation or orders of this Court, except in the case of fraud or willful misconduct;

(h) All of the Claims Administrator's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the distribution of the Net Settlement Fund, as provided in the invoices attached as Exhibit C to the Broker Decl., are approved, and Lead Plaintiff is directed to pay the outstanding balance of $56,497.26 out of the Net Settlement Fund to the Claims Administrator, and Lead Counsel is directed to approve payment from the Net Settlement Fund to the Claims Administrator, without further order of the Court, an amount of up to $71,394.06 for the costs the Claims Administrator incurs in connection with performing the work to complete the distribution and administration process; and

(i) Epiq is hereby authorized to destroy claim forms and records in paper form one year after final distribution of the Net Settlement Fund, and to destroy claim forms and records in electronic form three years after final distribution of the Net Settlement Fund.

5

4. This Court retains jurisdiction over this Action and all parties hereto to consider any further application or matter which may arise in connection with this Action and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED

this 27th day of September, 2021

_____
Honorable P. Kevin Castel
United States District Judge

> Class counsel shall file a report on the disposition of remaining Net Settlement funds, including payment of any further notice and administrative expenses and taxes and donation by May 6, 2022.

6